ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SERRALLÉS HOTEL, INC., H/N/C HILTON PONCE GOLF & CASINO RESORT; HOTEL PLAZA LAS DELICIAS LLC H/N/C PONCE PLAZA HOTEL & CASINO; PONCE DE LEÓN HOSPITALITY CORP. H/N/C HOLIDAY INN PONCE & TROPICAL CASINO<br><br>Parte Recurrente<br><br>V.<br><br>OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS DE PUERTO RICO<br><br>Parte Recurrida | KLRA202300574<br><br>Consolidado<br><br>KLRA202300575 | *Revisión* procedente de la Oficina del Comisionado de Instituciones Financieras de Puerto Rico<br><br>Civil Núm. No consta<br><br>Sobre: Denegación de Solicitud de Franquicia para operar una Sala de Juegos de Azar bajo la Ley Núm. 221 de 15 de mayo de 1948, según enmendada, conocida como "Ley de Juegos de Azar y Autorización de Máquinas Tragamonedas en los Casinos" y el Reglamento Núm. 8643 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2024.

Comparecen Serrallés Hotel, Inc. h/n/c Hilton Ponce Golf & Casino Resort, Hotel Plaza Las Delicias, Inc. h/n/c Ponce Plaza Hotel & Casino, y H.I. Development Puerto Rico, Corp. h/n/c Holiday Inn Ponce & Tropical Casino (en adelante, recurrentes) mediante dos (2) recursos de revisión.

En el recurso identificado con el alfanumérico **KLRA202300574**, nos solicitan la revisión de la determinación emitida y notificada el 9 de junio de 2023 por la Oficina del Comisionado de Instituciones Financieras (en adelante, OCIF)

Número Identificador

SEN2024 _____

denegando la solicitud de intervención presentada el 28 de febrero de 2023 por los recurrentes.

A su vez, en el recurso identificado con el alfanumérico **KLRA202300575**, los recurrentes nos solicitan la revisión de la *Resolución Final* emitida y notificada en la misma fecha por la OCIF declarando Ha Lugar la *Moción de Reconsideración y Solicitud de Paralización de Trámite Administrativo* presentada el 13 de febrero de 2023 por JRC Consolidated, Inc.

Por los fundamentos que expondremos a continuación, se desestiman los presentes recursos de revisión por falta de jurisdicción.

**I**

El 17 de marzo de 2022, JRC Consolidated, Inc. (en adelante, JRC Consolidated) presentó ante la OCIF una solicitud de franquicia para operar una sala de juegos de azar en el Hotel Aloft Ponce.[1] La OCIF acogió la solicitud de JRC Consolidated y ordenó que se publicara la notificación sobre la solicitud de franquicia, de manera que las partes interesadas pudieran someter sus comentarios.[2]

La notificación fue publicada el 6, 13, 20, y 27 de abril de 2022 en el periódico Primera Hora.[3] En respuesta, la OCIF recibió tres (3) cartas en oposición por parte de los recurrentes Ponce Plaza Hotel & Casino, Serrallés Hotel, Inc., y Holiday Inn Tropical Casino.[4] Mediante sus respectivas cartas, los recurrentes se opusieron a la solicitud de franquicia presentada por JRC Consolidated alegando

---

[1] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 177-194. La solicitud se presentó bajo las disposiciones de la Ley Núm. 221 de 15 de mayo de 1948, según enmendada, conocida como la *"Ley de Juegos de Azar y Autorización de Máquinas Tragamonedas en los Casinos"*, 15 LPRA sec. 71, *et seq.*; y el Reglamento de Juegos de Azar de la Oficina del Comisionado de Instituciones Financieras de Puerto Rico, Reglamento Núm. 8643, Departamento de Estado, 12 de septiembre de 2015.

[2] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 177-194.

[3] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 1-4.

[4] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 5-61. El 29 de abril de 2022, se recibió la carta del Ponce Plaza Hotel & Casino; el 3 de mayo de 2022, se recibió la carta del Serrallés Hotel, Inc., y el 4 de mayo de 2022, se recibió la carta del Holiday Inn Tropical Casino.

incumplimiento con los requisitos reglamentarios de ubicación, facilidades, cualificación, y estabilidad económica; y sobresaturación del mercado de la región. En sus cartas, los recurrentes solicitaron que sus comentarios fueran referidos a la Comisión de Juegos del Gobierno de Puerto Rico (en adelante, Comisión de Juegos); que se ordenara un estudio de viabilidad, y que se celebrara una vista administrativa ante la OCIF.[5]

El 18 de mayo de 2022, la OCIF le remitió la solicitud de franquicia a la Comisión de Juegos para que dicha agencia emitiera un endoso certificando que el proyecto de JRC Consolidated cumplía con los requisitos mínimos en cuanto a la ubicación y las facilidades físicas de la sala de juegos y del hotel donde ubicaría la misma, según se requería en el Reglamento Núm. 8643, *infra*.[6] Además, le remitió para su evaluación las cartas en oposición presentadas por los recurrentes.

El 2 de noviembre de 2022, la Comisión de Juegos emitió el correspondiente endoso para el proyecto de JRC Consolidated, luego de evaluar la solicitud de franquicia, así como las cartas en oposición de los recurrentes que le fueron referidas por la OCIF.[7]

Luego de varios trámites procesales,[8] la OCIF retomó la evaluación de la solicitud de franquicia presentada por JRC Consolidated. En lo pertinente, el 18 de noviembre de 2022, dicha agencia le notificó a JRC Consolidated que había encontrado una serie de deficiencias en su solicitud, por lo que le requirió aclarar,

---

[5] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 5-61.

[6] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 177-194. Según surge del expediente, el 22 de febrero de 2022, la Comisión de Juegos emitió un endoso a favor de JRC Consolidated en el que no se incluyó esta certificación. Véase, Apéndice del *Recurso de Revisión* KLRA202300574, pág. 178.

[7] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 160-165.

[8] Entre estos trámites, los recurrentes presentaron ante la OCIF varias solicitudes al amparo de la Ley Núm. 141-2019, según enmendada, conocida como *"Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública"*, 3 LPRA 9911 *et seq.*, para que se les proveyera cierta información relacionada con el procedimiento de solicitud de franquicia de JRC Consolidated. Además, presentaron varias cartas ante la Comisión de Juego notificando alegadas violaciones reglamentarias por parte de JRC Consolidated.

completar y proveer cierta información relacionada a la misma en o antes de 19 de diciembre de 2022.[9] A partir de ello, hubo varias comunicaciones entre la OCIF y JRC Consolidated.

Finalmente, el 23 de enero de 2023, la OCIF emitió y notificó una determinación denegando la concesión de la franquicia solicitada por JRC Consolidated, "[l]uego de realizar una evaluación e investigación de la Solicitud y los documentos relacionados a la misma".[10] En su dictamen, la OCIF expuso los fundamentos en los cuales se basó su determinación y apercibió sobre el derecho y procedimiento para solicitar reconsideración y revisión judicial.[11]

El 13 de febrero de 2023, JRC Consolidated presentó una *Moción de Reconsideración y Solicitud de Paralización de Trámite Administrativo*, la cual fue acogida por la OCIF mediante la *Resolución* emitida el 24 de febrero de 2023 y notificada el 27 de febrero de 2023.[12]

Así las cosas, el 28 de febrero de 2023, los recurrentes presentaron ante la OCIF una solicitud de intervención para que se les permitiera intervenir en el procedimiento adjudicativo.[13] En síntesis, los recurrentes alegaron que la solicitud de reconsideración presentada por JRC Consolidated impugnando la determinación de la OCIF había iniciado el procedimiento adjudicativo; y que cumplían con todos los requisitos establecidos en la Sección 3.5 de la Ley Núm. 38-2017, *infra*, para intervenir en dicho procedimiento.

El 12 de mayo de 2023, la OCIF emitió y notificó una *Resolución Parcial Sobre Extensión del Término para Emitir Resolución Final*, mediante la cual prorrogó por un período de treinta

---

[9] Apéndice del *Recurso de Revisión* KLRA202300574, pág. 179.
[10] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 177-194.
[11] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 192-194.
[12] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 211-225 y 226.
[13] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 199-207.

(30) días adicionales el término que tenía para resolver la solicitud de reconsideración presentada por JRC Consolidated.[14]

Finalmente, el 9 de junio de 2023, la OCIF emitió y notificó una *Resolución Final* declarando Ha Lugar la *Moción de Reconsideración y Solicitud de Paralización de Trámite Administrativo* presentada el 13 de febrero de 2023 por JRC Consolidated y ordenando "al Área de Reglamentación a iniciar el proceso para la emisión de la franquicia solicitada".[15] Además, la OCIF le remitió a JRC Consolidated una carta titulada *Final Recommendation and License Fees*, indicando, en lo pertinente, lo siguiente:

> "[...]
> The franchise will be issued after the Puerto Rico Gaming Commission issues the Final Recommendation to **JRC Consolidated, Inc.**, and this Office receives the payment of the license fees for the first quarter of operation.
> [...]"[16] (énfasis en el original).

En esa misma fecha, la OCIF emitió y notificó, además, una determinación denegando la solicitud de intervención presentada el 28 de febrero de 2023 por los recurrentes.[17] En síntesis, la OCIF resolvió que los recurrentes no tenían derecho a intervenir en el proceso inicial de evaluación de la solicitud de franquicia. De esta forma, dio a entender que este proceso inicial no había culminado por encontrarse pendiente ante su consideración una solicitud de reconsideración. La OCIF notificó su determinación por escrito a los recurrentes, así como los fundamentos para la misma.

Inconformes con las determinaciones anteriores, los recurrentes acudieron ante nos el 6 de julio de 2023 mediante dos (2) recursos de revisión.[18] En el recurso identificado con el alfanumérico **KLRA202300343**, los recurrentes nos solicitaron la revisión de la determinación denegando la solicitud de intervención

---

[14] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 243-245.
[15] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 246-247.
[16] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 248-250.
[17] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 234-236.
[18] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 255-285 y 286-320.

presentada por los recurrentes; y, en el recurso identificado con el alfanumérico **KLRA202300344**, nos solicitaron la revisión de la *Resolución Final* declarando Ha Lugar la *Moción de Reconsideración y Solicitud de Paralización de Trámite Administrativo* presentada por JRC Consolidated. Mediante *Resolución* emitida y notificada el 11 de julio de 2023, ordenamos la consolidación de estos recursos.[19]

Luego de varios trámites procesales,[20] el 11 de septiembre de 2023, dictamos y notificamos *Sentencia* desestimando los recursos de revisión presentados por los recurrentes por falta de jurisdicción. En cuanto al recurso **KLRA202300343**, resolvimos que los recurrentes no tenían derecho a intervenir en la etapa en que se encontraba el procedimiento de solicitud de franquicia, por lo que la OCIF no había errado al denegar la solicitud de intervención. Por otra parte, en cuanto al **KLRA202300344**, resolvimos que la determinación emitida por la OCIF declarando Ha Lugar la solicitud de reconsideración presentada por JRC Consolidated no era una final, por lo que no teníamos jurisdicción para revisarla y, en consecuencia, procedía la desestimación de este recurso.

El 10 de octubre de 2023, los recurrentes presentaron ante el Tribunal Supremo un recurso de *Certiorari* y una *Moción Urgente en Auxilio de Jurisdicción*.[21]

El 29 de septiembre de 2023, la Comisión de Juegos emitió su *Recomendación Final Favorable* y, el 4 de octubre de 2023, la OCIF finalmente autorizó y expidió la franquicia a favor de JRC Consolidated.[22]

---

[19] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 255-285 y 286-320.
[20] El 14 de julio de 2023, los recurrentes presentaron una *Moción en Auxilio de Jurisdicción*. Apéndice del *Recurso de Revisión* KLRA202300574, págs. 335-345. El 24 de julio de 2023, la OCIF presentó una *Moción de Desestimación y Oposición a Moción en Auxilio de Jurisdicción* solicitando la desestimación de los recursos de revisión por falta de jurisdicción. Apéndice del *Recurso de Revisión* KLRA202300574, págs. 407-427. El 23 de agosto de 2023, emitimos y notificamos una *Resolución* declarando No Ha Lugar la *Moción en Auxilio de Jurisdicción* presentada por los recurrentes.
[21] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 562-595 y 596-606.
[22] Apéndice del *Recurso de Revisión* KLRA202300574, págs. 673-676 y 677-679.

El 18 de octubre de 2023, el Tribunal Supremo emitió *Resolución* declarando No Ha Lugar la *Moción Urgente en Auxilio de Jurisdicción* y, el 6 de noviembre de 2023, emitió *Resolución* denegando la expedición del recurso de *Certiorari*.[23]

Una vez expedida finalmente la franquicia a favor de JRC Consolidated, los recurrentes acudieron nuevamente ante nos el 6 de noviembre de 2023 mediante los presentes recursos de revisión judicial. En el recurso **KLRA202300574**, nos solicitan la revisión de la determinación emitida y notificada el 9 de junio de 2023 por la OCIF denegando la solicitud de intervención. Señalan la comisión de los errores siguientes:

> Erró OCIF al adjudicar la Moción de Reconsideración de JRC Consolidated sin jurisdicción, pues su Resolución Parcial de 12 de mayo de 2023, acogiendo esa moción, no fue notificada a los Recurrentes y, por lo tanto, no extendió el término de 90 días del que disponía OCIF para resolver.

> En la alternativa, erró OCIF al emitir una denegatoria de la Solicitud de Intervención que no cumple con los requisitos establecidos en la LPAU y en la jurisprudencia aplicable.

> En la alternativa, erró OCIF y abusó de su discreción al denegar la Solicitud de Intervención, ya que ésta cumplió con todos los requisitos procesales y sustantivos para su concesión.

En el recurso **KLRA202300575**, los recurrentes nos solicitan la revisión de la *Resolución Final* emitida y notificada en la misma fecha por la OCIF declarando Ha Lugar la *Moción de Reconsideración y Solicitud de Paralización de Trámite Administrativo* presentada el 13 de febrero de 2023 por JRC Consolidated. Señalan la comisión de los errores siguientes:

> Erró OCIF al adjudicar la Moción de Reconsideración de JRC Consolidated sin jurisdicción, pues su Resolución Parcial de 12 de mayo de 2023, acogiendo esa moción, no fue notificada a los Recurrentes y, por lo tanto, no extendió el término de 90 días del que disponía OCIF para resolver.

---

[23] Apéndice del alegato en oposición de JRC Consolidated en KLRA202300574, págs. 1 y 2.

En la alternativa, erró OCIF al emitir una resolución final que no cumple con los requisitos establecidos en la LPAU y en la jurisprudencia aplicable.

En la alternativa, OCIF cometió arbitrariedad y abusó de su discreción al declarar con lugar la Moción de Reconsideración.

El 9 de noviembre de 2023, emitimos y notificamos una *Resolución*, mediante la cual ordenamos la consolidación de estos recursos.

El 29 de noviembre de 2023, JRC Consolidated presentó una *Urgente Solicitud de Desestimación KLRA202300574; Alegato en Oposición y Solicitud de Imposición de Sanciones*; y *Urgente Solicitud de Desestimación y Alegato en Oposición del Recurso de Revisión KLRA202300575*.

El 7 de diciembre de 2023, la OCIF presentó una *Moción de Desestimación de Recursos Consolidados*.

El 18 de diciembre de 2023, los recurrentes presentaron su *Oposición a Solicitud de JRC Consolidated, Inc. para Desestimar el Recurso KLRA202300574*; *Oposición a Solicitud de JRC Consolidated, Inc. para Desestimar el Recurso KLRA202300575*; y su *Oposición a Moción de Desestimación de la Oficina del Comisionado de Instituciones Financieras*.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

La Ley Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9601 *et seq.*, (en adelante, LPAU), regula todo lo relacionado a la revisión de las actuaciones administrativas en su Capítulo IV. Al hacerlo, expresa que sus disposiciones "serán aplicables a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios

administrativos que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión", excepto las que allí se enumeran. Sección 4.1 de la LPAU, *supra.*

La Sección 4.5 de la LPAU, *supra,* dispone que "[t]oda persona a la que una agencia deniegue la concesión de una licencia, franquicia, permiso, endoso, autorización o gestión similar tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo". Precisamente, la adjudicación de una agencia, según definido por la LPAU, es el "pronunciamiento mediante el cual una agencia determina los derechos, [las] obligaciones o [los] privilegios que correspondan a la parte". Sección 1.3 de la LPAU, *supra.* Por consiguiente, luego de la determinación final de la agencia en cuanto a la solicitud de la licencia, entran en juego las disposiciones que regulan los requisitos y la forma de presentar un recurso de revisión ante el Tribunal de Apelaciones.

Como mencionáramos, la competencia del Tribunal de Apelaciones para efectuar la revisión de las determinaciones administrativas, en su función adjudicativa, salvo se disponga lo contrario en una ley posterior, está regulada por la Sección 4.2 de la LPAU, *supra.* Esta Sección establece que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]
>
> [...]
>
> La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa, sea esta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de esta Ley. Sección 4.2 de la LPAU, *supra.*

Esta disposición de la ley establece el ámbito de la revisión judicial de las agencias administrativas, cuándo procede y quién tiene acción legitimada para instar el recurso. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018). Al hacerlo, la LPAU canaliza la jurisdicción de los tribunales en este tipo de recursos a través del Tribunal de Apelaciones. *Íd.* Además, limita la revisión a las decisiones que cumplan con dos requisitos: primero, que trate de órdenes o resoluciones finales; y, segundo, que la parte adversamente afectada haya agotado todos los remedios provistos por la agencia administrativa. *Íd.*

**B.**

La LPAU regula el procedimiento para la concesión de licencias, franquicias, permisos, endosos y gestiones similares en sus Secciones 5.1-5.4. El propósito primordial de estas concesiones es asegurar al público que sólo personas calificadas y capacitadas realizarán ciertas actividades reguladas por una agencia en particular. *San Antonio Maritime v. P.R. Cement Co.*, 153 DPR 374, 389 (2001). En lo pertinente, la Sección 5.1 de la LPAU, *supra*, dispone lo siguiente:

> Las agencias deberán establecer un procedimiento rápido y eficiente para la expedición de licencias, franquicias, permisos, endosos y cualesquiera gestiones similares. Establecerán por reglamento las normas de tramitación de los referidos documentos y los términos dentro de los cuales se completará el proceso de consideración de la licencia, franquicia, permiso, endoso y similares.

En lo pertinente al caso antes nuestra consideración, la Sección 5.4 de la LPAU, *supra*, dispone lo siguiente:

> Toda persona a la que una agencia deniegue la concesión de una licencia, franquicia, permiso, endoso, autorización o gestión similar tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo, según se establezca en la ley especial de que se trate y en el Capítulo III de esta Ley.

El Tribunal Supremo ha señalado que el procedimiento adjudicativo que surge luego de que la agencia determina otorgar o denegar una licencia, permiso o franquicia, está disponible, tanto para los solicitantes a quienes se les denegó dicha autorización, como para terceros que interesen impugnar lo concedido por la agencia. *Claro TV y Junta Regl. Tel. v. One Link*, 179 DPR 177, 208 (2010); *Ranger American v. Loomis Fargo*, 171 DPR 670, 680-681 (2007). Al activarse este proceso adjudicativo, una persona que no fue considerada originalmente como parte por la agencia puede presentar una solicitud de intervención.

La intervención es el mecanismo procesal para que una persona que no fue parte original en un procedimiento pueda defenderse de la determinación administrativa. *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177 (2009). En la Sección 1.3 (f) de la LPAU, *supra*, se define el concepto "interventor" como "aquella persona que no sea parte original en cualquier procedimiento adjudicativo que la agencia lleve a cabo y que haya demostrado su capacidad o interés en el procedimiento".

En cuanto a la solicitud de intervención en el procedimiento adjudicativo, la Sección 3.5 de la LPAU, *supra*, dispone lo siguientes:

> Cualquier persona que tenga un interés legítimo en un procedimiento adjudicativo ante una agencia podrá someter una solicitud por escrito y debidamente fundamentada para que se le permita intervenir o participar en dicho procedimiento. La agencia podrá conceder o denegar la solicitud, a su discreción, tomando en consideración entre otros los siguientes factores:
> (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
> (b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.
> (c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
> (d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.
> (e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.

(f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.

(g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento.

La agencia deberá aplicar los criterios que anteceden de manera liberal y podrá requerir que se le someta evidencia adicional para poder emitir la determinación correspondiente con respecto a la solicitud de intervención.

Conforme a lo dispuesto en esta sección, una persona natural o jurídica que solicita ser considerada parte interventora debe demostrar en su solicitud su capacidad o interés sustancial en el procedimiento. *JP, Plaza Santa Isabel v. Cordero Badillo*, supra.

La decisión de conceder o denegar una petición de intervención es el resultado de la discreción de la agencia al ponderar cada uno de los criterios que establece la Sección 3.5 de la LPAU, *supra.* Si se concede la intervención, el peticionario se convierte en parte del proceso, mientras que, si se deniega, se le notificará una orden con las razones que justifican la determinación de la Junta. *Claro TV y Junta Regl. Tel. v. One Link*, supra, págs. 208-209. Así, el derecho de intervención sólo puede existir dentro de un procedimiento adjudicativo. *Íd.*

En *Claro TV y Junta Regl. Tel. v. One Link*, supra, pág. 211, el Tribunal Supremo de Puerto Rico resolvió que el proceso inicial de concesión de licencia o franquicia no es adjudicativo y, por lo tanto, en esa etapa es inaplicable el derecho de intervención.

Por otra parte, el Reglamento de Juegos de Azar de la OCIF, Reglamento Núm. 8643, Departamento de Estado, 12 de septiembre de 2015, fue promulgado con la intención de implementar las disposiciones de la Ley Núm. 221 de 15 de mayo de 1948, según enmendada, conocida como la *"Ley de Juegos de Azar y Autorización de Máquinas Tragamonedas en los Casinos"*, 15 LPRA sec. 71, *et seq.* El aludido Reglamento tiene como propósito establecer las reglas y

normas relativas a las Salas de Juego, mejor conocidos como Casinos, ubicadas en Puerto Rico, según sean supervisadas y fiscalizadas por la OCIF. Estos designios deben ser entendidos e interpretados dentro del marco y esfera de los poderes, finalidades y objetivos de la OCIF. Véase Sección 1.2 del Reglamento Núm. 8643. Con dicho Reglamento se procura hacer más efectiva la fiscalización y supervisión de las Salas de Juego en cuanto a las facultades otorgadas a la OCIF.

En lo pertinente al asunto que hoy atendemos, la Sección 2.10 del Reglamento Núm. 8643, *supra*, dispone lo siguiente:

Endoso o Recomendación Final de la Compañía

La determinación final de la concesión o no de la franquicia para operar la Sala de Juegos corresponde al Comisionado, para lo cual tendrá que contar con el endoso o la recomendación final de la Compañía, según se establece en el Reglamento de Juegos de Azar. En ausencia de tal endoso o recomendación final, el Comisionado carece de discreción y autoridad para conceder la franquicia.

Una vez emitido el endoso o recomendación final de la Compañía, ésta no generará obligación alguna por parte de la OCIF para pasar juicio sobre los criterios, permisos, alegaciones o interpretaciones que llevaron a la Compañía a emitir el mismo.

Una vez la Compañía imparta su endoso o recomendación final favorable, y del Comisionado encontrar que el Solicitante de Licencia cumple con las disposiciones de Ley 221 y Reglamento, y que ha pagado los derechos de licencia para el primer trimestre de operación por adelantado, el Comisionado concurrirá con la Compañía y emitirá la licencia solicitada.

**III**

Según reseñamos, una vez expedida finalmente la franquicia a favor de JRC Consolidated, los recurrentes acudieron nuevamente ante nos el 6 de noviembre de 2023 mediante los presentes recursos de revisión judicial. Nos solicitan la revisión de las dos determinaciones emitidas por la OCIF que revisamos mediante la *Sentencia* de 11 de septiembre de 2023 dictada en el caso **KLRA202300343** consolidado con **KLRA202300344**, a saber: la

determinación emitida y notificada el 9 de junio de 2023 por la OCIF denegando la solicitud de intervención y la *Resolución Final* emitida y notificada en la misma fecha por la OCIF declarando Ha Lugar la *Moción de Reconsideración y Solicitud de Paralización de Trámite Administrativo* presentada el 13 de febrero de 2023 por JRC Consolidated.

En sus recursos, los recurrentes también señalan los mismos errores que atendimos y resolvimos mediante nuestro dictamen previo. Como primer error, señalan que la OCIF no tenía jurisdicción para adjudicar la solicitud de reconsideración presentada por JRC Consolidated, por lo que la *Resolución Final* de 9 de junio de 2023 es nula. Al respecto, alegan que la *Resolución Parcial Sobre Extensión del Término para Emitir Resolución Final* emitida el 12 de mayo de 2023 por la OCIF no fue notificada a los recurrentes, a pesar de que eran parte en el procedimiento adjudicativo por haber intentado ejercer su derecho a participar del mismo. Argumentan que, por no haberse notificado a todas las partes, dicho dictamen no tuvo el efecto legal de prorrogar el término que tenía la OCIF para resolver la solicitud de reconsideración, por lo que la agencia perdió jurisdicción sobre la misma a partir de la expiración del término de noventa (90) días siguientes a su radicación establecido en la Sección 3.15 de la LPAU, *supra.*

En la alternativa, los recurrentes señalan como segundo error en ambos recursos, que la determinación emitida y notificada el 9 de junio de 2023 por la OCIF denegando la solicitud de intervención, no cumplió con la Sección 3.6 de la LPAU, *supra,* al no notificarles sobre el recurso de revisión disponible para impugnarla. No obstante, alegan que, habiéndose presentado los recursos y ante la ausencia de incuria, el Tribunal de Apelaciones debe resolverlos en sus méritos, aunque resulten ser prematuro.

Además, en el **KLRA202300574**, los recurrentes señalan como tercer error que la OCIF erró y abusó de su discreción al denegar su solicitud de intervención, a pesar de que cumplían con todos los requisitos procesales y sustantivos para su concesión. A su vez, en el **KLRA202300575**, los recurrentes señalan como tercer error que la "OCIF cometió arbitrariedad y abusó de su discreción al declarar con lugar la Moción de Reconsideración".

Evaluados los recursos a la luz del derecho expuesto, determinamos que no tenemos jurisdicción para atenderlos. Luego de que la OCIF expidió finalmente la franquicia a favor de JRC Consolidated y el procedimiento se convirtió en adjudicativo, los recurrentes acudieron directamente ante nos mediante los presentes recursos de revisión, en lugar de presentar nuevamente una solicitud de intervención ante la OCIF. Ello, a pesar de que lo resuelto mediante nuestra *Sentencia* de 11 de septiembre de 2023, dictada en el caso **KLRA202300343** consolidado con **KLRA202300344,** había advenido final y firme luego de que el Tribunal Supremo denegara la expedición del recurso de *certiorari* mediante el cual los recurrentes solicitaron su revisión.

No existiendo una nueva determinación de la agencia con respecto al asunto de intervención de la cual se pudiera recurrir ante este Tribunal de Apelaciones mediante un recurso de revisión, determinamos que no tenemos autoridad para ejercer nuestra facultad revisora en este caso.

Finalmente, determinamos que la *Resolución Parcial Sobre Extensión del Término para Emitir Resolución Final* emitida el 12 de mayo de 2023 no tenía que ser notificada a los recurrentes, debido a que estos no eran parte formalmente del procedimiento administrativo adjudicativo.

Por la misma razón, los recurrentes tampoco tenían derecho a ir contra la *Resolución Final* de 9 de junio de 2023, mediante la

cual la OCIF declaró Ha Lugar la solicitud de reconsideración presentada por JRC Consolidated, por lo que resolvemos que no tienen méritos los errores relacionados con estos asuntos.

**IV**

Por los fundamentos anteriormente expuestos, se desestiman los presentes recursos de revisión por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones